# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ALONZO HOYE**                                                                             **PLAINTIFF**

**v.**                                                    **No. 3:13CV200-B-A**

**WARDEN TIMOTHY OUTLAW, ET AL.**                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Alonzo Hoye, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Hoye alleges that the defendants used excessive force against him and did not protect him from an attack by other inmates. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On May 31, 2013, at the Marshall County Correctional Facility, two inmates attacked the plaintiff Alonzo Hoye. He did not, however, allege that he sustained any injury from the attack. On July 26, 2013, Corrections Officer Cecil Woods placed handcuffs on Hoye as tight as they would go, then kicked him in the leg and back. In the scuffle, Hoye also hit his head on a trash can. It appears that someone used mace on Hoye during the altercation, and he spent 2½ hours in the shower before he was permitted to clean it off. The skin around Hoye's wrists began peeling as a result of the tight handcuffs. He also alleges that 11 hours transpired before he could clean all the mace from his body.

### Excessive Force

Hoye claims that a prison official used excessive force against him in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Courts must balance the constitutional

rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order; to establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[1] Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

In this case, Hoye alleges only peeling skin around his wrists from excessively tight handcuffs. Peeling skin is akin to the sore, bruised ear the Fifth Circuit found to be *de minimis* in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Indeed, Hoye did not allege that he sought medical attention for the peeling skin. As such, the court thus finds Hoye's injuries to be *de minimis* and insufficient to sustain a claim of excessive force.

## Failure to Protect

Hoye also alleges that several guard failed to protect him from each attack. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" and guards. *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference

---

[1] The standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner; therefore, in the following discussion the court will use citations pertaining to each interchangeably. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).

"[is] the proper standard to apply in the context of convicted prisoners who claim[] . . . the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). Hoye must allege that the defendants acted with reckless disregard to the possibility that inmates or guards might attack and injure him. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). That standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Hoye has not alleged that prison officials had reason to believe that he might be attacked, either by other prisoners (in the first incident) or by the prison guard Cecil Woods (in the second incident. As such, the defendants did not "consciously disregard a substantial risk of serious harm" to Hoye, which is necessary to state a valid claim under § 1983. *Id.* at 826 (citation omitted).

**Requests for Relief Are Now Moot**

In his complaint Hoye requests: (1) that all Rule Violation Reports in the past 12 months be expunged from his prison administrative record, and (2) that he be transferred away from the Marshall County Correctional Facility – preferably to the Wilkinson County Correctional Facility. As reflected on the Mississippi Department of Corrections website, Hoye has since been moved away from the Marshall County Correctional Facility to the Mississippi State Penitentiary in Parchman, Mississippi. As such, his request for injunctive relief (a transfer) has become moot. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001). In addition, Hoye provided no rationale at all for his request to expunge 12 months of Rule Violation Reports from his administrative file. As such, this claim for relief will be dismissed for want of substantive merit.

In sum, the instant case filed under 42 U.S.C. § 1983 will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 19th day of November, 2013.

    /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE